Upon review of the competent evidence of record, and finding no good grounds to receive further evidence or rehear the parties or their representatives, the Full Commission, upon reconsideration of the evidence, affirms the Opinion and Award of the Deputy Commissioner, but modifies the Opinion and Award to deny defendants a credit or offset against the total disability benefits.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. All parties are properly before the North Carolina Industrial Commission, and the Industrial Commission has jurisdiction of the parties and the subject matter. All the parties are subject to and bound by the provisions of the North Carolina Workers Compensation Act.
2. The employer-employee relationship existed between defendant-employer and plaintiff-employee at all relevant times.
3. The workers compensation carrier on risk at the relevant times was Builders Mutual Insurance Company.
4. Plaintiff last worked for defendant-employer on 15 February 1996. Plaintiff is seeking workers compensation benefits from 15 February 1996.
5. The issues to determined from this hearing are as follows:
 a) Whether plaintiff sustained an injury by accident on 15 February 1996 while in the course and scope of his employment with defendant-employer.
 b) If so, what, if any, workers compensation benefits is he entitled to receive.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. Plaintiff is a thirty-four year old male who completed the eleventh grade and has worked as a carpenter since he was fifteen years old.
2. Plaintiff was employed by defendant-employer as a carpenter and had been working in this position for approximately one year prior to 15 February 1996.
3. On 15 February 1996, plaintiff was asked by defendant-employer to help unload shelving from a tractor-trailer. This task was not a part of his normal job. It took four men approximately four hours to unload the shelving. The shelving was contained in boxes weighing approximately 100 pounds each.
4. On the morning following, plaintiff was barely able to get out of bed due to stiffness and pain in his back, but his condition initially got better as he moved around. He continued to work, but his pain worsened.
5. Plaintiff did not tell anyone about his back on the first day back at work. However, he did tell Michael Morrell a couple of days later because plaintiff was unable to assist Mr. Morrell in performing the job. Several days after his injury, plaintiff told Jimmy Lee Hobbs, his supervisor, that he had injured his back while unloading shelving on 15 February 1996. Plaintiff told Jimmy Lee Hobbs that he was not sure how badly he was hurt.
6. Mr. Morrell told defendant-employer that plaintiffs claimed injury was a hoax, which was Mr. Morrells initial impression. However, over the following days when he continued to work with plaintiff, Mr. Morrell realized that plaintiffs complaints were genuine. Plaintiffs claim is accepted as credible.
7. Plaintiff first sought and received medical treatment from Tina M. Driscoll, a chiropractor, on 8 March 1996. Plaintiffs history was consistent with an injury unloading heavy shelving on 15 February 1996. Plaintiff complained of numbness, tingling, and weakness in the right lower extremity intermittently, and mentioned that coughing caused intense pain.
8. Dr. Driscoll diagnosed plaintiffs condition as an acute moderate strain or sprain with resultant moderate myalgia and myospasm of the erector spinae muscles and lower lumbar articular dysfunction. She questioned whether plaintiff had a disc lesion. Plaintiff received manipulation and physiotherapy. Dr. Driscoll last treated plaintiff on 1 April 1996, at which time plaintiff indicated that he was better but that he continued to have burning pain in his left buttock and left knee.
9. Plaintiff was next seen and treated by Dr. Ghanshyam Dwivedi on 6 August 1996. Dr. Ghanshyam initially diagnosed plaintiffs condition as cervical and lumbar paraspinal muscle strain with muscle spasms. An MRI scan revealed that plaintiff had a disc rupture at L5-S1, with a prolapse of the disc towards the left L5 nerve root. Dr. Ghanshyam referred plaintiff to Dr. Michel C. Pare.
10. Dr. Pares impression was that plaintiff had chronic low back pain and that plaintiffs MRI revealed degenerative disc disease at L4-5 and L5-S1, with a slight disc protrusion at L5-S1 on the left. Dr. Pare recommended passive modalities and a course of physical therapy.
11. As of 8 March 1996 and continuing to the date of the hearing before the deputy commissioner, plaintiff was unable to perform his carpenters job with defendant-employer because of the injury on 15 February 1996. By the time of the hearing before the deputy commissioner in January 1999, plaintiffs pain had improved somewhat, but plaintiff remained unable to perform the bending and lifting activities required of carpenters and most manual labor positions for which he might qualify.
12. As of the date of the hearing before the deputy commissioner, plaintiff had not received the physical therapy recommended by Dr. Pare. Plaintiff had not reached maximum medical improvement. Further medical evaluation and treatment are necessary to determine the nature of plaintiffs continuing problem and his restrictions, but plaintiff has not been able to afford such treatment.
13. Plaintiff has earned, since his injury, approximately $9,000.00 at sporadic employment selling automobiles and performing other odd jobs; however, these earning do not reflect wage earning capacity. Due to his injury, plaintiff remained totally disabled as of the date of the hearing before the deputy commissioner.
14. Plaintiff earned $600.00 per week while employed by defendant-employer.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On 15 February 1996, plaintiff sustained an injury by accident to his back, as specific traumatic incident of the work assigned, while in the course and scope of his employment with defendant-employer. G.S. 97-2(6).
2. Plaintiffs average weekly wage at the time of his injury was $600.00, yielding a compensation rate of $400.02 per week. G.S. 97-2(5).
3. Plaintiff is entitled to total disability benefits from 8 March 1996 and continuing until further order of the Commission. G.S.97-30. This amount is not subject to an offset or credit. Lanningv. Fieldcrest-Cannon, Inc., ___ N.C. ___ (No. 360PA99, filed 6/16/00).
4. Defendants are obligated to pay for medical expenses incurred by plaintiff for treatment of his injury and for all further related treatment that tends to cure, give relief, or lessen plaintiffs period of disability. G.S. 97-25, 97-25.1.
5. Defendants received timely notice of plaintiffs injury. G.S. 97-22.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Subject to counsel fees hereinafter approved, defendants shall pay to plaintiff total disability benefits at the rate of $400.02 per week for the period from 8 March 1996 and continuing until further order of the Commission. All accrued compensation shall be paid in one lump sum.
2. Defendants shall pay for all medical expenses incurred or to be incurred by plaintiff as a result of his compensable injury when bills for same have been submitted to and approved by the Industrial Commission, for any evaluations, treatments and examinations may reasonably be required to effect a cure, give relief and/or lessen plaintiffs period of disability.
3. A reasonable attorney fee in the amount of twenty-five percent (25%) of the compensation approved and awarded for plaintiff is approved and allowed for plaintiffs counsel. The attorneys fee shall be deducted from the compensation due plaintiff and shall be paid directly to plaintiffs attorney.
4. Defendants shall pay the costs of this action.
 S/______________ RENE C. RIGGSBEE COMMISSIONER
CONCURRING:
S/___________________ BERNADINE S. BALLANCE COMMISSIONER
S/_______________ LAURA K. MAVRETIC COMMISSIONER